1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  SANTOS CHAVEZ,                    )        No. C 11-0153 LHK (PR)
                                      )
            Petitioner,               )        ORDER OF DISMISSAL;
12                                    )        DENYING REQUEST FOR
       v.                             )        APPOINTMENT OF COUNSEL
13                                    )
                                      )
14  WARDEN R. GROUNDS,                )
                                      )
15          Respondent.               )
    _____  )
16

17          Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to

18  28 U.S.C. § 2254 challenging a 2009 decision by the California Board of Parole Hearings

19  ("Board") finding him unsuitable for parole.  Petitioner has paid the filing fee.  For the reasons

20  stated below, the Court DISMISSES the petition for failure to state a cognizable claim for relief.

21                              **DISCUSSION**

22  A.    Standard of Review

23          This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

24  custody pursuant to the judgment of a state court only on the ground that he is in custody in

25  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose*

26  *v. Hodges*, 423 U.S. 19, 21 (1975).

27          A district court shall "award the writ or issue an order directing the respondent to show

28  cause why the writ should not be granted, unless it appears from the application that the

Order of Dismissal; Denying Request for Appointment of Counsel
P:\PRO-SE\SJ.LHK\HC.11\Chavez153dis.wpd

applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.     Petitioner's Claims

As grounds for federal habeas relief, Petitioner alleges that the Board violated his due process rights by denying parole based on insufficient evidence that he remains an unreasonable risk of danger to society if released.  However, the Supreme Court has recently made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution.  *Swarthout v. Cooke*, No. 10-333, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam).  Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial.  *Id.* at *2, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979).  Thus, Petitioner's allegations fail to state a cognizable claim for federal habeas relief.  *See id.*

## CONCLUSION

Accordingly, this case is DISMISSED for failure to state a claim.  In light of the dismissal, Petitioner's request for appointment of counsel is DENIED as moot.  The Clerk shall close the file and enter judgment in this matter.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeal.

IT IS SO ORDERED.

DATED:   2/18/11

_____
LUCY H. KOH
United States District Judge